UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br>Plaintiff,<br>v.<br>DEBORAH HARRIS,<br>Defendant. | No. 2:25-cv-0424-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former county jail inmate proceeding without counsel in this lawsuit. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed in forma pauperis. ECF No. 2. Plaintiff has made the showing required by 28 U.S.C. § 1915, and the court will grant the application.

Screening Order

The in forma pauperis statute directs to the court to dismiss claims brought by an in forma pauperis litigant that fail to state a claim. 28 U.S.C. § 1915(e)(2). In addition, a pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also

include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendant committed fraud and elder abuse to misappropriate assets belonging to the trust and estate of his grandfather. ECF No. 1. Such claims are governed by California state law and do not present a federal question. *Williams v. Madera Super. Ct.*, No. 1:14-cv-01135-LJO-SKO, 2014 U.S. Dist. LEXIS 16955-, at *5-6 (E.D. Cal. Nov. 3, 2014). *See also Keading v. Keading*, No. 23-cv-03036-JSC, 2023 U.S. Dist. LEXIS 169550, at *3-4 (N.D. Cal. Sept. 22, 2023). Both plaintiff and defendant are citizens of California. ECF No. 1-1. Thus, this court does not have jurisdiction based on the presence of a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Because the court lacks jurisdiction over plaintiff's claims, amendment would be futile. *Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014).

////

////

////

////

////

Conclusion

Accordingly, it is ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED. Further, it is RECOMMENDED that the complaint be dismissed without prejudice and without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE